# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-CV-00113-MR

| | |
|---|---|
| MASON WHITE HYDE-EL, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ) **ORDER** </br> ) </br> MICHAEL NETHKEN, et al., ) </br> ) </br> Defendants. ) </br> _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Mason White Hyde-El ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Guilford County Detention Center in Greensboro, North Carolina. Plaintiff filed this action on February 25, 2020, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff names Michael Nethken, identified as a magistrate in the Iredell County Magistrate Office, and Roger Vargas, identified as a deputy in the Iredell County Sheriff's Office, as Defendants in this matter. [Id. at 3]. Plaintiff claims that he was

falsely arrested, falsely imprisoned, and that his right "to be informed of the accusations by the accuser" and under the Confrontation Clause were violated. [Id. at 4]. In support of these claims, Plaintiff alleges that:

1. Magistrate, Michael Nethken issued a warrant for Arrest against plaintiff. Roger Vargas is listed as the Complainant on the Arrest Warrant. The Warrant was issued on 8/21/2019.

2. Michael Nethken plead plaintiff under a $25,000 Bond.

3. At the initial appearance, plaintiff wasn't furnished a Complaint, Affidavit or recorded Sworn Testimony showing probable cause to Arrest Plaintiff.

4. Roger Vargas applied for the Arrest Warrant without providing a Complaint, affidavit or recorded sworn testimony before, Michael Nethken.

5. Michael Nethken and Roger Vargas failed to Comply with Criminal Procedure when applying and issuing the Arrest Warrant.

6. Micahel Nethken and Roger Vargas did not have probable cause to arrest Plaintiff.

7. Plaintiff was never informed by Michael Nethken of the nature and cause of Roger Vargas accusations at the initial Appearance.

8. Plaintiff was unable to Confront/Cross examine Roger Vargas['] Accusations made before Michael Nethken.

> 9. Without a[n] affidavit, complaint or recorded sworn testimony from Roger Vargas, the statement of the crime made by Michael Nethken is "hearsay", and prejudice to plaintiff's Due process and demostrates [*sic*] deliberate disregard to procedure of applying and issuing Arrest Warrants, and informing plaintiff of the Nature and Cause of Roger Vargas accusations and to Confront/Cross-examine Roger Vargas['] alleged testimony.

[Id. at 3-4].

Plaintiff does not allege what injuries he believes he suffered as a result of the alleged conduct. [See id.]. Plaintiff seeks declaratory, injunctive, and monetary relief. [Id. at 4].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). As a threshold matter, to the extent Plaintiff was convicted of the offense for which he claims he was wrongfully arrested and imprisoned (and this conviction has not been vacated), Plaintiff's claims are barred by Heck v. Humphries, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §

> 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that a conviction has been reversed or otherwise invalidated. Therefore, his Complaint appears to be barred by <u>Heck</u>.

Further, Plaintiff complains that he was falsely arrested and imprisoned, but does not allege whether the criminal proceedings related to the underlying offense are ongoing. In <u>Younger v. Harris</u>, the Supreme Court

5

held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains detained at the Guilford County Detention Center and, therefore, that the state court proceeding is ongoing, it appears that the Court must abstain from interfering in the ongoing state proceedings.

Finally, even if Heck and Younger did not apply, judicial immunity bars Plaintiff's claim against Defendant Nethken, identified by Plaintiff as a magistrate judge in Iredell County, North Carolina. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with

independence and without fear of consequences") (internal quotations omitted). Here, Plaintiff's allegations relate to conduct by Defendant Nethken while he was acting in his judicial capacity. As such, Plaintiff's claims against Defendant Nethken will be dismissed with prejudice.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will dismiss Defendant Nethken with prejudice. The Court will allow Plaintiff thirty (30) to amend his Complaint, if he so chooses, to show that <u>Heck</u> and <u>Younger</u> do not apply and to otherwise properly state a claim upon which relief may be granted against Defendant Vargas. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant Michael Nethken is dismissed as a Defendant in this matter with prejudice.

**IT IS SO ORDERED**.

Signed: May 20, 2020

Martin Reidinger
United States District Judge