```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
      CHARLOTTE DIVISION
         3:20-CV-00113-MR
```

| | |
|---|---|
| MASON WHITE HYDE-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| ROGER VARGAS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983. [Doc. 10]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.    BACKGROUND**

Pro se Plaintiff Mason White Hyde-El ("Plaintiff") is currently incarcerated at Guilford County Detention Center in Greensboro, North Carolina. Plaintiff originally filed this action on February 25, 2020, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff named Michael Nethken, identified as a magistrate in the Iredell County Magistrate Office, and Roger Vargas, identified as a deputy in the Iredell County Sheriff's Office, as Defendants in

this matter. [Id. at 3]. Plaintiff claimed that he was falsely arrested, falsely imprisoned, and that his right "to be informed of the accusations by the accuser" and under the Confrontation Clause were violated in relation to certain criminal charges brought against Plaintiff. [Id. at 4]. On initial review of Plaintiff's Complaint, this Court found that Plaintiff's claims appeared barred by Heck v. Humphries, 512 U.S. 477 (1994), and may be barred by Younger v. Harris, 401 U.S. 37, 43-44 (1971); dismissed Defendant Nethken based on judicial immunity; and allowed Plaintiff thirty (30) days to file an amended complaint demonstrating that his claims are not barred.[1] [Doc. 9]. Plaintiff timely filed an Amended Complaint, which the Court now reviews. See 28 U.S.C. §§ 1915(e)(2); 1915A.

In his Amended Complaint, to show that his claims are not barred by Heck or Younger, Plaintiff alleges that the charges in relation to which he claims wrongful arrest and imprisonment were voluntarily dismissed and that the action, Case No. 19CR05432, is no longer pending. [Doc. 10 at 1]. Plaintiff alleges, in pertinent part, that Defendant Vargas applied for and obtained an arrest warrant charging Plaintiff with certain drug crimes without "'oath or Affirmation' as required [by] the Fourth Amendment." [Doc. 10 at

---

[1] The Court herein adopts by reference its Order on initial review of Plaintiff's original Complaint. [See Doc. 9].

1]. Plaintiff alleges that Vargas did not have probable cause to arrest Plaintiff and that Vargas provided false information to the Magistrate without sworn, recorded testimony or an affidavit. Plaintiff claims the information must have been false because Plaintiff did not commit the crimes charged. [Doc. 10-1 at 2]. "Plaintiff believes perjury to be suspected." [Id.]. Plaintiff further contends that:

> Without any disclosure of the accusations made by Roger Vargas at the Ex Parte hearing on 8/21/19 with the Magistrate, along the vague statement of the crime on the Warrant, left Plaintiff without any means to confront/cross-examine Roger Vargas' accusations and probable cause to arrest. Therefore, Plaintiff was unable to adequately defend against the accusations at a later hearing, Trial, or other proceeding. Plaintiff's due process to have fundamental unfairness, confronting his accuser and defending against such accusation were intentionally violated by Roger Vargas.

[Doc. 10-1 at 3]. For his injuries, Plaintiff claims that he suffered emotional distress and "was deprived of his freedom and liberties due to being placed under a $25,000 secured bond[ ] and was a result of Plaintiff losing his house and car, etc." as a result of Defendant Vargas' unlawful arrest. [Doc. 10 at 2].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails

to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, Plaintiff claims that his rights under the Fourth and Sixth Amendments were violated by Defendant Vargas' conduct as summarized above. Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, the Court concludes that Plaintiff's claims are not clearly frivolous and may proceed past initial review.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendant Vargas for violation of Plaintiff's Fourth and Sixth Amendment rights survives initial review.

## ORDER

**IT IS, THEREFORE, ORDERED** that Clerk is directed to mail a blank summons forms to Plaintiff for Plaintiff to fill out and identify Defendant Vargas in the summons for service of process, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summons from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED.**

Signed: June 23, 2020

Martin Reidinger
Chief United States District Judge