UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00113-MR

| | |
|---|---|
| MASON WHITE HYDE-El, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>ROGER VARGAS, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery. [Doc. 29].

Pro se Plaintiff Mason White Hyde-El ("Plaintiff") is a federal inmate currently incarcerated at BECKLEY Federal Correctional Institution in Beaver, West Virginia. He filed this action on February 25, 2020, pursuant to 42 U.S.C. § 1983. Roger Vargas, identified as a deputy in the Iredell County Sheriff's Office, is the sole remaining Defendant in this matter. [See Docs. 9, 11]. Plaintiff claims that Defendant Vargas violated his rights under the Fourth and Sixth Amendment in the course of Plaintiff's arrest in Iredell County. [See Docs. 10, 10-1]. On September 8, 2020, the Court entered a Pretrial Order and Case Management Plan (PTOCMP). [Doc. 19]. Pursuant

to the PTOCMP, the discovery deadline in this case was January 6, 2021. [Id.]. On November 24, 2020, Plaintiff moved for an extension of the PTOCMP deadlines and to compel discovery responses from Defendant. [Docs. 21, 22]. In his motion to compel, Plaintiff failed to include copies of the disputed discovery requests or any certification that he had attempted in good faith to confer with Defendant to obtain the discovery before seeking Court intervention. [See Doc. 22; see Fed. R. Civ. P. 37(a)(1)]. Defendant responded to Plaintiff's motion to compel, advising that neither Defendant nor his counsel received any discovery requests from Plaintiff in this matter. [Doc. 23]. The Court denied Plaintiff's motions without prejudice. [Doc. 24]. The Court advised Plaintiff that he may file a properly supported motion to compel, including copies of any disputed discovery requests and any allegedly insufficient responses by Defendants. [Id. at 2]. The Court also advised Plaintiff that he may submit a properly supported motion for extension of the deadlines, if necessary. [Id.]. On January 7, 2021, Plaintiff moved again for an extension of the discovery deadline. [Doc. 25]. This time, Plaintiff alleged that he had since re-sent the previously disputed discovery request to Defendant by certified mail on December 15, 2020. He noted the pending discovery deadline of January 6, 2021 and that, given the delay with the disputed discovery request, he would need additional time to

2

complete discovery. [Id.]. Defendant opposed the motion. [Doc. 27]. Defendant argued that he had received Plaintiff's discovery request and timely responded on January 11, 2021. [Doc. 27]. Defendant also provided the Court with its response to Plaintiff's discovery request, including the 72 pages of documents it produced therewith. [Docs. 26, 26-1]. The Court, nonetheless, granted Plaintiff's renewed motion to extend the discovery deadline. The extended deadline is March 8, 2021. [1/25/2021 Docket Entry]. The Court also *sua sponte* extended the dispositive motions deadline to April 7, 2021. [Id.].

On February 4, 2021, Plaintiff filed the instant motion to compel. [Doc. 29]. In this motion, Plaintiff claims that he has still not received Defendant's discovery response or the documents Defendant produced therewith. [Id.]. As such, it appears that the issue lies with the mail service. Plaintiff requests that Defendant mail the discovery response and the documents by certified mail with return receipt to ensure proof of service. [Id.]. On March 1, 2021, Defendant filed an untimely response to Plaintiff's motion to compel. [Doc. 30]. In his untimely response, Defendant explains in detail why Plaintiff may not have received Defendant's discovery response despite Defendant's best efforts. Defendant also states that he has again since served his discovery response on Plaintiff in accordance with instructions provided by Plaintiff's

correctional institution. As such, Plaintiff should now have Defendant's discovery response. The Court will, therefore, deny Plaintiff's motion without prejudice as moot.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to compel [Doc. 29] is **DENIED without prejudice** as moot.

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge

4

Case 3:20-cv-00113-MR   Document 31   Filed 03/08/21   Page 4 of 4