UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00113-MR

| MASON WHITE HYDE-EL, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| ROGER VARGAS, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Objection" [Doc. 35], which the Court construes as a motion to reconsider its denial of Plaintiff's motion to compel [Doc. 34].

Pro se Plaintiff Mason White Hyde-El ("Plaintiff") filed this action on February 25, 2020, pursuant to 42 U.S.C. § 1983, against Defendant Roger Vargas, identified as a deputy in the Iredell County Sheriff's Office. [Doc. 1]. After the Court ordered Plaintiff to amend his complaint, Plaintiff's Amended Complaint survived initial review. [Doc. 11]. The deadline to complete discovery was April 7, 2021 and the deadline to file dispositive motions is May 7, 2021. [3/11/2021 Docket Entry]. Before the discovery deadline expired, Plaintiff moved the Court to deem certain discovery responses by Defendant "admitted and evasive," which the Court construed as a motion to

compel discovery. [Doc. 33]. Plaintiff argued that many of Defendant's responses were internally contradictory, contrary to the evidence, evasive, and/or "require a more reasonable response." [See id. at 1-2]. Plaintiff, however, failed to certify that he conferred or attempted to confer in good faith with Defendant in accordance with Rule 37(a) of the Federal Rules of Civil Procedure before filing the motion. [See id.]. The Court, therefore, denied Plaintiff's motion to compel for Plaintiff's failure to provide the required certification. [Doc. 34].

Plaintiff now moves the Court "to reconsider Plaintiff's Motion without Plaintiff providing Certification," still without certifying having conferred with Defendant regarding the dispute discovery responses. [Doc. 35]. Plaintiff asks the Court to reconsider its denial of Plaintiff's motion to compel because Plaintiff "never moved for sanctions against defendant" and was "relying [on] Rule 37(c)(2)." [Id. at 2]. Rule 37(c)(2) does not apply. It allows a party to move for another party to pay the reasonable expenses, including attorney's fees, incurred in proving "a document to be genuine or the matter true" where the other party has failed to admit a request for admissions. Fed. R. Civ. P. 37(c)(2). Here, Plaintiff has not yet proven anything.[1] Moreover, this

---

[1] The Court again notes that it has reviewed the discovery responses at issue, and it appears, in large part, that Plaintiff simply disagrees with or does not like Defendant's responses to Plaintiff's discovery requests.

2

provision does not negate the certification requirement of Rule 37(a)(1).

The Court, therefore, declines to reconsider its ruling denying Plaintiff's motion to compel. Plaintiff has presented no basis for doing so and the Court sees none.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration [Doc. 35] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge